12-3703-cv
Carione v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York  the 13th day of June, two thousand thirteen.

Present:       ROSEMARY S. POOLER,
               DEBRA ANN LIVINGSTON,
                       *Circuit Judges*.
               RICHARD W. GOLDBERG,[*]
                       *Judge*.

_____

JOSEPH CARIONE,

                       *Plaintiff-Appellant*,


               -v-                                              12-3703-cv

UNITED STATES OF AMERICA,

                       *Defendant-Appellee*.

_____

Appearing for Appellant:       Paula Schwartz Frome, Kase & Druker (James O. Druker, *on the brief*) Garden City, NY

Appearing for Appellee:       Randolph Lyons Hutter, United States Department of Justice Tax Division, Appellate Section, Washington, D.C.  (Kathryn Keneally, Assistant Attorney General, Richard Farber, *on the brief*; Loretta Lynch, United States Attorney for the Eastern District of New York, *on the brief*)

---

[*]  The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Hurley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Joseph Carione appeals from the July 25, 2012 order of the United States District Court for the Eastern District of New York (Hurley, *J.*) confirming the accuracy of the government's calculation of Carione's tax liability. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The only issue presented on appeal is whether the government correctly calculated (1) the date on which interest stopped running on Carione's overpayment for the 1998 tax year and (2) the date on which interest began to run on Carione's deficiency for the 2000 tax year. Section 6611(b)(1) of the Internal Revenue Code provides that interest on an overpayment of tax that is credited against an outstanding tax liability stops running as of the date the credit is applied, which is the due date for the outstanding liability. 26 U.S.C. § 6611(b)(1). Treasury regulations interpret "due date" to mean "the last day fixed by law or regulations for the payment of the tax (determined without regard to any extension of time), and not the date on which the district director or the director of the regional service center makes demand for the payment of the tax." Treas. Reg. § 301.6611-1(h)92)(I).

The district court correctly found that Carione's tax liability was properly calculated by fully crediting his overpayment for the 1998 tax year against his 2000 tax liability on the date his 2000 taxes were due - April 15, 2001. Interest on his overpayment therefore ran from the date the overpayment was made until April 15, 2001, and interest on the remaining deficiency ran from April 15, 2001 until paid. Carione's argument to the contrary fails to acknowledge the district court's findings – not contested on appeal – that his "1998 overpayment credit was *not*, in fact, greater than his 2000 underpayment liability" due to "differences in the items of income, expense, and alternative minimum tax that plaintiff reported in 1998 as compared to in 2000, and in the adjustments to those items that follow as a matter of law from the exclusion or inclusion of [the] capital gains" at issue. *Carione v. United States*, No. 03 CV 4024(DRH), 2012 WL 3043107, at *2 (E.D.N.Y. July 25, 2012) (emphasis in the original)(alteration added and quotation mark omitted).

Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2